IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | CASE NO.: 4:17-CR-00262-WTM-GRS |
| | ] | |
| BRANDON WILLIAMS | ] | |

MOTION FOR BILL OF PARTICULARS AND
INCORPORATED CITATION OF SUPPORTING AUTHORITY

COMES NOW BRANDON WILLIAMS, defendant in the above-captioned criminal action, and moves this honorable Court for an order requiring the Government to file a Bill of Particulars with respect to the indictment herein setting forth the following:

1. State what the Government contends were the elements of the conspiracy agreement alleged in the above-captioned indictment and what acts the Defendant did in furtherance of the conspiracy and what acts she agreed to do in furtherance of the conspiracy.

2. State the exact language allegedly used by the Defendant that indicates that he unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree with his co-defendants listed in the above-captioned indictment to commit those illegal acts alleged.

3. State whether there are any persons to the alleged agreement, combination or conspiracy in the above-captioned indictment, who are not named as co-defendants in that document. If so, please state the names of each of those non-indicted persons and describe their role in the alleged agreement, combination or conspiracy.

4. State whether the Government contends that the Defendant actually committed any overt act or acts in furtherance of the alleged conspiracy listed in the above-captioned indictment. If so, please state the following with regard to any such act:

(A) The location and time the act was performed;

(B) What act was performed by the Defendant;

(C) The purpose of the act to further the alleged conspiracy;

and;

(D)  whether an agent or representative of the Government or any other person allegedly saw the Defendant commit that act.

5. The above particulars are material and necessary in the preparation of the Defendant's defense in this matter.  He cannot adequately prepare or conduct his defense without this information and without it he will thereby be deprived of his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States, and effective assistance of counsel under the Sixth Amendment of the Constitution of the United States.

6. The law requires that an indictment plainly and concisely inform the Defendant of the conduct which is the subject of the prosecution and Federal trial courts have very broad discretion in ruling upon requests for bills of particulars.  See Will v. United States, 389 U.S. 90 (1967). The purpose of a bill of particulars is to inform a defendant of the charge against him with sufficient precision to allow him to prepare his defense and to minimize prejudicial surprise at trial.  See  United States v. Caldwell, 554 F.2d 691 (4th Cir. 1979); United States v. Cantu, 557 F.2d 1173 (5th Cir. 1977); United States v. Sherriff, 546, F.2d 604 (5th Cir. 1977)

7. An additional purpose is to allow a criminal defendant to argue a claim of "double jeopardy" if he is later prosecuted for the same behavior.  See United States v. Mackey, 551 F.2d 967 (5th Cir. 1977).

8. Although it is not necessary for an indictment to allege in detail the factual proof that will be relied upon to support the crimes charged, that information, if essential to the defense can be obtained by a motion for a bill of particulars.  See United States v. Johnson, 575 F.2d 1347 (5th Cir. 1978).

9. The Defendant does not seek to elicit information about how the government will make its case, but rather what it intends to prove; not the means by which the government will establish the elements of the offense, but rather the facts which the government contends comprise the offense.

10.  It is not a sufficient answer by the Government to a defendant's motion for a bill of particulars that the particulars sought are evidentiary, or involve the naming of potential witnesses.  See United States v. Greater Syracuse Board of Realtors, Inc., 438 F.Supp. 376, 379 (N.D. N.Y. 1977).  Similarly, it is no answer that the defendant should already know the facts demanded, for he is presumed innocent of the charges alleged by the Government.  In any event,

a motion for a bill of particulars is aimed at revealing the facts as may be alleged by the government, rather than the facts as they actually exist.

11. As with a defendant's request for the disclosure of government witnesses, the Court's task is to balance the asserted need for information "against the government's general right to prevent disclosure of its evidence and legal theories…[and] the traditional concern of the government that discovery would facilitate perjured testimony and witness intimidation." See <u>United States v. Thevis</u>, 474 F.Supp. 117 (N.D. Ga. 1979). For the same reasons the Defendant has stated in his motion for disclosure of government witnesses, the Court should exercise its discretion in favor of ordering a bill of particulars.

12. There is no meaningful way this Defendant can prepare and present a defense against the vague and broad allegations made against him. For that matter, this defendant can not meaningfully respond to government inquiries made to him pre-trial. How can the Defendant possibly respond to the government's Rule 12.1 motion for notice of intent to offer the defense of alibi? Additionally, as indicted, this Defendant is clearly left vulnerable to surprise attack and double jeopardy, both concern of which this motion seeks to remedy and avoid.

Respectfully submitted this 4th day of February, 2018.

                                      /s/Arvo Henifin
                                      State Bar Number: 346780
                                      Attorney for Brandon Williams

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com

CERTIFICATE OF SERVICE

This is to certify that I have this date served all interested parties in this matter with a Notice of Electronic Filing through filing the forgoing document with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 7th day of September, 2016.

/s/Arvo Henifin
State Bar Number: 346780
Attorney for Brandon Williams

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com