IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | CASE NO.: 4:17-CR-00262-WTM-GRS |
| | ] | |
| BRANDON WILLIAMS | ] | |

MOTION TO PRESERVE EVIDENCE AND
INCORPORATED CITATION OF SUPPORTING AUTHORITY

COMES NOW BRANDON WILLIAMS, defendant in the above-captioned criminal action, and moves this honorable Court for an order requiring the Government to preserve and retain intact, and not to destroy or alter, any investigative reports (including rough drafts), witness statements, documents, papers, rough notes (whether of interviews, surveillance, or otherwise), tapes, objects, contraband or other items of physical evidence which are in the Government's possession, custody or control.

(1) The Defendant requests that this prayed for order apply to all Federal, state and local agencies (and the agents thereof) who have participated in any way in the investigation or preparation of this instant criminal matter, including those which conducted scientific experiments and tests. Further, it is requested that the order apply to all prosecutors, whether Federal or state, who have worked on this case.

(2) This instant motion demands no disclosure, discovery, inspection, or production, but merely seeks to preserve all evidence, whether directly admissible or otherwise, which may, at some future stage of the proceedings, be necessary or helpful to a proper resolution of the case. This Motion is occasioned and necessitated by the administrative practice of alleged good faith destruction of records by the Government. See United States v. Harris, 543 F.2d 1247 (5th Cir. 1976).

(3) The appropriate standard by which to gauge the Defendant's instant motion is a simple balancing test. The Defendant submits that the Government has no interest in the alteration or suppression of documents and little or no interest in their destruction. The incidental

and slight burden which might be imposed upon the Government agencies involved by requiring them to retain intact their records pertaining to this case until such time as the Defendant and the Court have had an opportunity to inspect them is manifestly outweighed by the Defendant's substantial interest in a fair trial.

    (4)  Any burden which is placed upon the agencies involved herein to retain such items or records of information is far outweighed by the Defendant's rights to a fair trial. The Defendants and the Court must have adequate time to inspect the above-listed pieces of evidence of their value at trial, without the fear that they will be innocently or intentionally destroyed.  See <u>United States v. Harris</u>, 543 F.2d 1247(9th Cir. 1976).  Precautions should be taken to protect the accused's rights.  See <u>United States vs. Benzilar</u>, 549 F.Supp. 614 (D.D.C. 1973).

Respectfully submitted this 4th day of February, 2018.

    /s/Arvo Henifin  
    State Bar Number: 346780  
    Attorney for Brandon Williams

The Henifin Law Firm  
P.O. Box 61302  
Savannah, Georgia 31420  
Telephone: (912) 358-8064  
Email: arvo.henifin@henifinlaw.com

CERTIFICATE OF SERVICE

This is to certify that I have this date served all interested parties in this matter with a Notice of Electronic Filing through filing the forgoing document with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 4th day of February, 2018.

    /s/Arvo Henifin
    State Bar Number: 346780
    Attorney for Brandon Williams

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com